# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| E.H. and R.H., individually and on behalf of their daughter, K.H; | Civil Action |
| T.C. and M.C., individually and on behalf of their daughter, E.C.; | No. 19-cv-5445-BMS |
| G.K. and W.M., individually and on behalf of their son, E.K.; | |
| J.B. and J.B., individually and on behalf of their daughter, G.B., Plaintiffs, | |
| v. | |
| Wissahickon School District, Defendant. | |

## **DECLARATION OF ILENE YOUNG, ESQUIRE**

I, Ilene Young Esquire, hereby depose and state the following.

1. I am an attorney, licensed and admitted to practice before the Pennsylvania Supreme Court, the United States Court of Appeal for the Third Circuit, the United States District Court for the Eastern District of Pennsylvania, and the Court of Appeals for Veterans Affairs.

2. I received my J.D. with honors, three bests, two awards, from Temple University School of Law, Philadelphia, Pennsylvania, in 1981.

3. I am the principal attorney of Ilene Young Law Offices, with offices in Langhorne and Doylestown, Bucks County, Pennsylvania, concentrating practice in the legal issues of families of children with disabilities, including education and special education law, higher education law, disability entitlements, guardianship and special needs trusts, and disability issues in family law.

Declaration of Ilene Young, Esquire
E.H. et al v Wissahickon School District
19-cv-5449

Approximately 75% of my practice over the past ten years has arisen under the Individuals with Disabilities Education Act (IDEA).

4. I litigated many disability rights cases, representing plaintiffs in United States District Court, the Court of Appeals for the Third Circuit, Pennsylvania Superior Court, Courts of Common Pleas, and such state and federal administrative forums as the Social Security Administration, and the Commonwealth of Pennsylvania's Department of Education Office of Dispute Resolution, Social Security Administration, Department of Welfare, and Human Rights Commission.

5. Reported cases in which I served as plaintiff's counsel in student disability and school law actions include: *R.B. v. Mastery Charter Sch.*, 2011 U.S. Dist. LEXIS 3429, 78 Fed. R. Serv. 3d (Callaghan) 573, 2011 WL 121901 (E.D. Pa. Jan. 11, 2011), aff'd *R.B. v. Mastery Charter* Sch, No. 11-1009 (3d Cir. 2013); *Centennial Sch. Dist. v. S.D.*, 2011 U.S. Dist. LEXIS 64438 (E.D. Pa. June 17, 2011); *Council Rock Sch. Dist. v. M.W.*, 2012 U.S. Dist. LEXIS 104203 (E.D. Pa. July 24, 2012); *Johnson v. Temple Univ.*, 2014 U.S. Dist. LEXIS 96997 (E.D. Pa. July 17, 2014); *H.D. v. Cent. Bucks Sch. Dist.*, 902 F. Supp. 2d 614, 2012 U.S. Dist. LEXIS 141855, 2012 WL 4510726 (E.D. Pa. 2012); *J.M. v. Nobel Learning Cmtys., Inc.*, 2013 U.S. Dist. LEXIS 129487, 2013 WL 4833846 (E.D. Pa. Sept. 10, 2013); *M.J. v. Tredyffrin Easttown Sch. Dist.*, 2013 U.S. Dist. LEXIS 138227, 2013 WL 5377846 (E.D. Pa. Sept. 26, 2013); *In Re: the Educational Assignment of J.D.*, Pa Spec. Ed. Appeal # 1742 (2006); *In Re: the Educational Assignment of CP*, Pa Spec Ed Appeal # 1741 (2006):  *In Re: the Educational Assignment of RD*, Pa Spec Ed Appeal # 1813 (2007);  *In Re: the Educational Assignment of DA*, Pa Spec Ed Appeal # 1922 (2007); *D.D. v School District of Phila*, ODR # 9410-08-09 (2010); *M.J. v TDE School District,* ODR #3127-11-12(2013);*D.H. v Pennsbury School District*, ODR # 5871-05-06 (2006); *J.D. v Westchester School District*, ODR #8696-07-08 (2008); *Z.G. v Council Rock School District,* ODR#9727-08-09(2010); *S.D. v*

Declaration of Ilene Young, Esquire
E.H. et al v Wissahickon School District
19-cv-5449

*Centennial School District*, ODR#9645-08-09(2010); *I.B. v Upper Dublin School District*, ODR#17847-15-16(2017); *J.V. v Downingtown Area School District*, ODR#16887-15-16 (2016); *C.P v Council Rock School District,* ODR#5853-05-06 (2006); *M.D. v Central Bucks School District*, ODR#15949014015 (2016); *S.T. v Central Bucks School District*, ODR#8133-07-08 (2008); *R.R. v Pennsbury School District*, ODR#9611-08-09 (2009); *I.S. v Columbia Borough School District*, ODR#15762-14-15 (2015); *D.J. v Minersville School District*, ODR#6430-05-06 (2006); *M.W. v Central Bucks School District,* ODR#01297-09-10 (2011); *H.D. v Central Bucks School District*, ODR#00984-09-10 (2020); *D.S. v Central Bucks School District*, ODR#0321-09-10 (2010); *A.R. v SD Phila.,*ODR#1448-10-11 (2011); *N.H v Central Bucks School District,* ODR#1442-10-11 (2011); *B.D. v Pennsbury School District,* ODR#00865-09-10(2010).

6. In addition to litigation, I initiate, negotiate, and resolve IDEA claims for clients resulting in substantial settlements and equitable relief, including tuition reimbursement or multiple year prospective payments, compensatory education funds, and attorney's fee reimbursements at my requested rate.

7. I am an active and participating member of professional organizations related to my areas of practice, including the Pennsylvania Bar Association and its sections and committees: The Legal Services for Exceptional Children Committee; the Civil Rights Section and Equal and Civil Rights Committee; the Children's Rights Section; and the Family Law Section, for which I served as course planner for Special Needs Issues in Domestic Relations. I am a member of the Bucks County Bar Association, for which I served as Bench Bar presenter for Special Needs Issues in Domestic Relations. I am a member of COPAA, the Council of Parent Attorneys and Advocates, a national collegiate organization of plaintiff's attorneys, parents and advocates in special education law under the IDEA.

Declaration of Ilene Young, Esquire
E.H. et al v Wissahickon School District
19-cv-5449

8. In addition to my work as a plaintiff's attorney, I served a professional appointment on the Governor's Children's Behavioral Health Task Force, as an elected member of the executive board of the Bucks County Democratic Party, and vice-chairman of the Upper Makefield Democratic Committee.

9. I have been an instructor, presenter, and author of practice materials and guides, in special education law seminars, including: <u>Ethical Issues in Special Education Law</u>, author, presenter, Pennsylvania Bar Institute Exceptional Children's Conference, Lancaster, PA (2018); <u>2014 and 2015 Federal Caselaw Review</u>, 2014, 2015, author, presenter, PAPAR Annual Roundtable, Quakertown, PA; <u>Evidentiary Issues in Special Education Litigation: An Advanced Practitioner's Seminar</u>, 2014, co-author, co-presenter, Pennsylvania Bar Institute Exceptional Children's Conference, Lancaster, PA 2014; <u>Bullying and Disabilities Harassment Update,</u> 2011, 2012, author, presenter, Pennsylvania Bar Institute Exceptional Children's Conference, Harrisburg, PA and Philadelphia, PA; <u>Special Education Issues in Family Law</u>, 2010, author, presenter, Pennsylvania Bar Institute Exceptional Children's Conference, Harrisburg, PA & COPAA National Conference, 2010, St. Louis, Missouri; <u>The Legally Sufficient IEP: A Page by Page Guide, an Advanced Seminar for Practitioners</u> 2009, author, presenter, Pennsylvania Bar Institute, Exceptional Children's Conference, Harrisburg, PA; <u>Special Education and Special Needs Practice Issues in Domestic Relations</u>, 2008, author, presenter and course planner for statewide professional CLE, Pennsylvania Bar Institute, Harrisburg, PA; <u>Medically Fragile Children: Legal Issues for Practitioners,</u> 2008, author and presenter, Pennsylvania Bar Institute; <u>Special Needs Issues in Domestic Relations Practice, An introduction and practice guide to legal issues of special needs individuals in family law, for general practitioners, members of the judiciary, and domestic relations attorneys</u>, Bucks County Bench Bar Conference, Doylestown,

4

Declaration of Ilene Young, Esquire
E.H. et al v Wissahickon School District
19-cv-5449

PA, author and co-presenter with The Hon. Susan Devlin Scott, Susan Eisenberg, Esquire, and Grace Deon Esquire.; <u>Bully and Disabilities Harassment:  Finding a Cause of Action</u>, author, co-presenter, 2007, Pennsylvania Bar Institute, Harrisburg, PA; <u>Top Ten Ethical Problems in Special Education Practice</u>, co-author, co-presenter, 2006, Pennsylvania Bar Institute, Harrisburg, PA; <u>School Violence:  Zero Tolerance and Students with Disabilities</u>, author, presenter, contribution to Discipline of Special Education Students in Pennsylvania, 2005, Lorman Education Services, Eau Claire, WI; <u>Discipline Procedures Applicable to Students with Special Needs:  Behavioral Support, Intervention and Discipline,</u> author, co-presenter, contribution to Discipline of Special Education Students in Pennsylvania, 2005, Lorman Education Services, Eau Clair, WI; <u>Special Education Law:  An Introduction</u>, presenter, 2005, Louisiana Bar Association Publications, Baton Rouge, LA.

10. I am professionally and personally familiar with most members of the special education plaintiff's bar in the Commonwealth.

11. I negotiated attorney's fee provisions under the IDEA's fee shifting provisions in over a hundred cases, on behalf of plaintiffs, and prepared attorney's fee petitions.  I researched and am familiar with the current case law concerning attorney's fee awards under IDEA and the rates have been approved under that case law.  Through my professional activities, research, and direct familiarity with the members of our bar and their practices, I have contemporary and relevant knowledge of the fees charged by attorneys in our field in Pennsylvania. Through negotiations and discussions with Defense counsel I am also aware of the customary approved reimbursement rates for experienced Plaintiff's counsel in special education law matters.

12. My own services are currently billed at a rate of $400 per non-litigation hour and $450.00 per litigation hour via non-contingent, pay as you go, fee agreement structure.

Declaration of Ilene Young, Esquire
E.H. et al v Wissahickon School District
19-cv-5449

13. As a practicing litigator for almost forty years, I am familiar with the complexity and number of hours required in IDEA cases from complaint through resolution through administrative due process, district court de novo review, and appeal.

14. I am familiar with the professional background and reputation of Judith Gran, Esquire, Catherine Merino Reisman, Esquire, and Amelia Carolla, Esquire.

15. Judith Gran is a partner in Reisman Carolla Gran Zuba LLP and has more than thirty-five years' experience practicing disability rights law. She graduated *cum laude* from Temple Law School in 1983 where she served on the Temple Law Quarterly. Before joining Reisman Carolla Gran Zuba LLP she was a staff attorney at the Public Interest Law Center of Philadelphia, where she served as a Director of Disability Projects.

16. Ms. Gran is a founding member of the Council of Parent Attorneys and Advocates (COPAA) and served on the board from 1998 to 2009 and its chair from 2002 to 2004. She received COPAA's highest award, the Diane Lipton Award for Outstanding Educational Advocacy, in 2009.

17. Ms. Gran has represented dozens of special education students in administrative and judicial proceedings in Pennsylvania, New Jersey, and other states including Virginia, West Virginia, Minnesota, Missouri, Oklahoma, Colorado and Tennessee. She served as lead counsel in the class action suit *Gaskin v. Commonwealth of Pennsylvania,* No. 94-4048 (E.D. Pa.), the seminal case in the Third Circuit to enforce the least restrictive environment mandate of the Individuals with Disabilities Education Act.

18. Catherine Merino Reisman is the founding partner of Reisman Carolla Gran Zuba LLP. She graduated in 1989 from Yale Law School, where she served as an editor of the Yale Law Journal, as a founding member of the Yale Journal of Law and Feminism, and as a director of the

6

Declaration of Ilene Young, Esquire
E.H. et al v Wissahickon School District
19-cv-5449

Labor Law Project and Student-Funded Fellowships. She has been practicing law for approximately thirty years.

19. She was a law clerk to the Honorable Edward N. Cahn, Chief Judge for the United States District Court for the Eastern District of Pennsylvania. Before founding Reisman Carolla Gran in 2008, Ms. Merino Reisman practiced employment law at a Philadelphia firm and worked "Of Counsel" for a regional mid-sized firm, where she co-chaired the Special Education practice group in addition to handling appellate, commercial and employment litigation. At Reisman Carolla Gran & Zuba, she maintains a national disability rights practice.

20. Ms. Merino Reisman is a leader in COPAA, the leading national organization of advocates, parents and attorneys representing students with disabilities. She has served as COPAA's chair and currently serves as a board member and as Co-Chair of COPAA's Amicus and Committee, in which capacity she is responsible for overseeing COPAA's extensive practice as amicus curiae in cases in the United States Courts of Appeals. She is a former parent member of the Program Advisory Board to the New Jersey Coalition for Inclusive Education. Ms. Merino Reisman speaks regularly to groups of parents and attorneys regarding special education, civil rights, and disability rights.

21. Amelia Carolla is a founding partner in Reisman Carolla Gran Zuba LLP. She graduated from Rutgers-Camden Law School in 1995, where she was an Editor of the Rutgers Law Journal. She served as a law clerk in the New Jersey Superior Court for the Honorable Charles M. Rand, J.S.C. From 1996 to 2000, she specialized in commercial litigation matters with Flaster/Greenberg, P.C. and Montgomery, McCracken, Walker & Rhoads, LLP where she co-founded the Special Education Law Practice Group with Catherine Merino Reisman.

22. Ms. Carolla is a current member of COPAA, regularly publishes articles related to

7

Declaration of Ilene Young, Esquire
E.H. et al v Wissahickon School District
19-cv-5449

special education law and presents at conferences by requests of parents on special education and the rights of individuals with disabilities. She also taught special education law as an adjunct professor at Temple University-Beasley School of Law in 2009 and 2010.

23. I have reviewed each attorney's biography and the record of her work in this case and rely upon these records in the preparation of this affidavit.

24. I have reviewed the curriculum vitae, declarations and/or bios for each of these attorneys upon which I have relied in making this declaration. I have also known these attorneys for many years. They are among the most highly respected and experienced members of the local, and national, special education bar. Their reputations in the legal community, established through the consistently superb quality of their professional legal work product, is at the pinnacle of the disability rights section of the bar.

25. Based upon the foregoing, it is my opinion that the hourly rates sought by Judith Gran, Esquire of $590.00 per hour, Catherine Merino Reisman, Esquire, of $525.00 per hour, and Amelia Carolla, Esquire, of $480.00 per hour are reasonable.

26. Based upon the foregoing, it is my opinion that at the number of hours in this matter, which involved administrative and District Court actions, is more than reasonable at 260.30 hours for the G.B. matter, 147.30 for the E.C. matter, 190.80 for the K.H. matter, and 246.70 for the E.K. matter. I also believe that the number of hours spent litigating the fee aspect of the matter to be reasonable.

27. I declare under penalty of perjury under the laws of the United States of America and pursuant to and subject to the penalties of 28 U.S.C. § 1746, relating to unsworn falsification to authorities, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Declaration of Ilene Young, Esquire
E.H. et al v Wissahickon School District
19-cv-5449

Dated: April 14, 2020

Ilene Young, Esquire
PA ID # 35704
Ilene Young Law Offices
172 Middletown Boulevard
Suite 204
Langhorne, PA 19047
215-750-9500
Iyoung@ileneyoung.com